## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DANIAL L. CARTER and JONI L. CARTER, husband and wife,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | )<br>) |
| **CARGILL, INCORPORATED, a Delaware Corporation,** | )<br>)<br>) |
| | )   8:08CV27 |
| **Defendant and Counter-Claimant,** | )<br>)   **MEMORANDUM AND**<br>)   **ORDER** |
| vs. | )<br>) |
| **MIKE PRUITT TRUCKING, and BREINIG FARMS, INC.,** | )<br>)<br>) |
| **Defendants and Counter-Defendants.** | )<br>)<br>) |

This matter is before the court on plaintiffs' motion to compel production of documents (Doc. 59) and the defendant's (Cargill's) responsive motion for a protective order (Doc. 62). The parties have complied with the requirements of NECivR 7.1(i).

The court finds that a protective order should be entered and that Cargill should be required to produce responsive documents, subject to the protective order and the limits established in this Memorandum and Order.

### BACKGROUND

This is a diversity case, *see* 28 U.S.C. § 1332, governed by the substantive law of the State of Nebraska. The complaint alleges that Danial Carter was employed as a truck driver

by Mike Pruitt Trucking of Holdrege, Nebraska. On May 21, 2007, Mr. Carter drove a semi-truck owned by Pruitt to Cargill's fertilizer plant in Alma, Nebraska for the purposes of loading, unloading and transporting chemicals contained in tank trailers owned by Cargill. He had been performing that job for approximately one year.

While Mr. Carter was standing on top of Cargill's tank trailer guiding a stinger/spout out of one of the tanks, the stinger broke, causing Carter to fall over 10 feet to the ground. He landed on both of his heels, completely shattering his right heel and fracturing his left heel.

In this action, Carters have stated causes of action against Cargill for negligence, premises liability, and product liability.

The document requests in dispute are as follows:

**REQUEST NO. 4:** Please produce copies of all contracts, indemnity agreements or any other documents that govern the relationships between Cargill and any other party to this lawsuit.

**REQUEST NO. 25:** Please produce all training materials, written or graphic, used to train employees on the features and specifications of Cargill's tank trailers, ladders and platforms.

**REQUEST NO. 26:** Please produce all safety rules, practices and procedures, written or graphic, relating to use of Cargill's tank trailers, ladders and platforms.

**REQUEST NO. 27:** Please produce all schedules, attendance records, notes or other materials evidencing safety meetings held at the Cargill plant located in Alma, Nebraska.

**REQUEST NO. 28:** Please produce all architectural plans, blueprints or drawings of Cargill's plant in Alma, Nebraska, specifically with respect to the area in which Dan Carter was injured.

Cargill objected to these requests on the ground that the information sought is confidential and/or proprietary; however, Cargill was willing to produce responsive documents subject to a protective order. Cargill also objected to the breadth of the requests. The plaintiffs contend none of the responsive materials could be confidential or proprietary and refused to agree to the terms of Cargill's proposed protective order. Nor were the parties able to reach any agreement to limit plaintiff's discovery to a certain time period or facility.

## DISCUSSION

The scope of discovery in federal civil actions is set out in Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). Rule 26(c) contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in certain respects.

In this jurisdiction, litigants commonly enter into stipulations for protective orders governing the production of information similar to that sought in this case. It is not

necessary for a party to assert a claim of privilege in conjunction with a motion for a protective order governing confidential or proprietary information.

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Having carefully reviewed all of the parties' written arguments and evidentiary materials, the court is persuaded that information responsive to the above-quoted requests would, in fact, include personal, proprietary, and/or confidential information that should not be made available to the general public. The court will, therefore, enter a protective order in substantially the form proposed by Cargill.

Plaintiffs' disputed requests are overbroad in that they are not limited to time period or facility; however, they do seek information relevant to the parties' claims and defenses for purposes of applying Fed. R. Civ. P. 26(b)(1). Cargill states, by affidavit, that

> Cargill's Alma, Nebraska facility built the tank ladder at issue and installed the ladder onto the tank trailer that Mr. Carter fell from. Cargill's Alma, Nebraska Facility did not build and install ladders on tank trailers outside of the Cornhusker Farm Service Group, which includes the Alma, Nebraska facility, and the Arapahoe, Elwood, Oxford, Holdrege, Gibbon, Motala, Heartwell, Ravenna and Shelton locations in Nebraska. The tank trailer with the ladder built by Cargill's Alma, Nebraska location did not transport products outside the Cornhusker Farm Service Group.

Doc. 71 -2 at p. 4/4.

Based on this representation, the court finds that plaintiffs' Requests Nos. 25 and 26 should be limited to Cargill's Cornhusker Farm Service Group, i.e., its facilities located in Alma, Arapahoe, Elwood, Oxford, Holdrege, Gibbon, Motala, Heartwell, Ravenna and Shelton.

The court further finds that plaintiffs' Requests Nos. 4, 25, 26, 27 and 28 should be limited in time to the four (4) years preceding the May 21, 2007 accident.

**ORDER**

**IT IS ORDERED:**

1. Cargill's Motion for Protective Order (Doc. 62) is granted. A protective order will be entered separately.

2. Plaintiff's Motion to Compel (Doc. 57) is granted in part, and denied in part, as follows:

    a. Cargill's responses to requests Nos. 4, 25, 26, 27, and 28 shall be limited to the four (4) year period preceding the May 21, 2007 accident and, as appropriate, made pursuant to the Protective Order entered this date.

    b. Cargill's responses to requests Nos. 25 and 26 shall be limited to Cargill's Cornhusker Farm Service Group, i.e., its facilities located in Alma, Arapahoe, Elwood, Oxford, Holdrege, Gibbon, Motala, Heartwell, Ravenna and Shelton.

**DATED January 28, 2009.**

                                                  **BY THE COURT:**

                                                  s/ F.A. Gossett
                                                  **United States Magistrate Judge**