# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIAL L. CARTER and JONI L. CARTER, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CARGILL, INCORPORATED, a Delaware Corporation, | ) ) ) | 8:08CV27 |
| Defendant and Counter-Claimant, | ) ) ) | PROTECTIVE ORDER |
| vs. | ) ) | (AMENDED) |
| MIKE PRUITT TRUCKING, and BREINIG FARMS, INC., | ) ) ) | |
| Defendants and Counter-Defendants. | ) ) | |

The court finds that discovery in this case may involve the production by all parties of personal, technical, business, or financial information that may be of a proprietary and/or confidential nature, or confidential information that pertains to a third party. Pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED:**

1. Any party to this lawsuit may, in good faith, designate as proprietary and confidential, deposition testimony, documents or tangible things by stamping such documents "CONFIDENTIAL." Except as outlined in paragraph 10 below, all items designated as proprietary and confidential by a producing party shall be used by the non-producing party or any other individual provided documentation designated

"CONFIDENTIAL" only in the preparation for, and conduct in, this lawsuit, and not for any other purpose, including but not limited to a business or commercial purpose or use in a different lawsuit.

    2.   Any item designated as proprietary and confidential, or a portion or summary of the item, or any information contained in the item, shall not be given, shown, disclosed or communicated by the non-producing party, in any way, to any person or entity other than (a) the individual attorneys of record for the parties to this lawsuit, and their staff necessarily involved in the conduct of this litigation; (b) the parties to this lawsuit and their officers, directors, employees and representatives who have need for such information for purposes of this litigation; (c) non-testifying experts retained but not used for purposes of trial testimony; (d) experts retained by a party to this lawsuit to assist in preparing for and conducting this lawsuit and who are disclosed to all attorneys of record in this lawsuit; (e) during deposition, trial, or in preparation for deposition or trial, to any deposition or trial witness where necessary to such witnesses' testimony; (f) the court, jury, court personnel, court reporters, and similar personnel; and (g) individuals selected by a party to participate in a focus group or mock trial for the purposes of preparation for trial of this lawsuit.

    3.   If items designated as proprietary and confidential by the producing party are given, shown, disclosed or communicated by the non-producing party to (a) experts retained by the non-producing party to assist in preparing for and conducting this lawsuit, such as accountants, economists, engineers or other technical experts, (b) to any deposition or trial witness during deposition, trial, or in preparation for deposition or trial where providing such documentation is necessary to such witnesses' testimony, or (c) individuals selected by a party to participate in a focus group or mock trial for the purposes of preparation for trial of this lawsuit, any such person shall agree, in writing or verbally on the record during

deposition or trial, to be bound by the terms of this Protective Order prior to receiving any documents designated as Confidential.

Experts retained for the preparing and conducting of this lawsuit, but not giving expert testimony, shall agree, in writing or verbally on the record during deposition or trial, to be bound by the terms of this Protective Order.

4.   The non-producing party shall secure the prompt return of all proprietary and confidential items from the expert or other person when the use of such items by the expert or other person is no longer required in this lawsuit.

5.   Proprietary and confidential items shall not be filed with the court in support of any motion or brief submitted in this matter, *unless* the party offering the proprietary or confidential item fully complies with the requirements of NECivR 5.3(c)[1]. If, for any

---

[1]NECivR 5.3(c) provides:

**(c) Restricting Access to Unredacted Documents.** With leave of the court, a party may restrict access to a document containing the unredacted personal data identifiers listed above.

**(1) Motion.**

  **(A) Procedure.** The party seeking to file an unredacted document shall file electronically a motion to restrict access to the document pursuant to the E-Government Act of 2002. The motion shall state why filing an unredacted document is necessary and why redaction would not reduce or eliminate the need for restriction.

  **(B) Unredacted Document not Attached.** The unredacted document shall not be attached to the motion, but instead filed separately as a restricted document. This document will remain provisionally restricted pending the ruling on the motion to restrict access.

**(2) Order.** In ruling on the motion, the assigned judge also has the discretion to lift the restriction on the pleading or document, strike it, or order the filing party to place a redacted copy of the pleading or document on the public docket.

**(3) Docket Sheet Entries.** When access to a pleading or document is restricted pursuant to the E-Government Act, an entry noting the restricted access will appear

reason, a party cannot electronically file the proprietary and confidential items, the party must obtain leave of court to conventionally file the proprietary and confidential items.

6. The designation of any item as proprietary and confidential by a party shall not be construed as an admission by teh non-producing party that the item is proprietary and confidential. Further, the terms of this Protective Order do not address or affect the ultimate admissibility of a particular item designated by a party as proprietary and confidential.

7. This Protective Order does not prejudice or bind the parties in any way from making evidentiary objections to the production of particular documents or to particular interrogatory requests, nor shall the act of designating an item as proprietary and confidential bind any party to any particular legal position.

8. The production of information in response to requests propounded in this action pursuant to the Federal Rules of Civil Procedure shall not constitute a waiver of any legal protections afforded such information as a trade secret or proprietary and confidential pursuant to this Protective Order.

9. At the conclusion of this lawsuit, all original and reproductions of items designated as proprietary and confidential shall be returned to the producing party. The parties further agree that they are subject to the continuing jurisdiction of the court to enforce this Protective Order and all confidentiality agreements arising pursuant to it.

10. This Protective Order does not apply to documents or tangible items already in the possession of the non-producing party or its attorneys prior to production of the

---

on the public electronic docket sheet; however, only parties of record and court users will be able to access the document electronically. The public will not have remote access to the restricted pleading or document from the docket sheet. Such remote access will be granted only with leave of the court.

document or tangible item to the non-producing party by the producing party. Furthermore, this Protective Order does not apply to documents or tangible items which are not treated or considered in the industry as proprietary and confidential information.

If the non-producing party objects to the producing party's designation of items as proprietary and confidential, the non-producing party shall provide the producing party a list of each document and tangible item that the non-producing party alleges is not proprietary and confidential. If the producing and non-producing party cannot reach an agreement as to the confidential designation of such documents, the non-producing party may make the appropriate motion to the court to resolve the issue.

11. Any party to this lawsuit may file a motion requesting that the court rule on the application, interpretation, modification, or exception of any of the terms of this Protective Order.

12. No statement, testimony or reference of any kind shall be made to the jury by the parties, their counsel or their witnesses regarding this Protective Order, its contents, its existence, or any matter related thereto.

**DATED February 11, 2009.**

                                                        **BY THE COURT:**

                                                        **s/ F.A. Gossett**
                                                        **United States Magistrate Judge**